**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW R. THOMAS,**

                      **Plaintiff,**

      v.                                                    CASE NO. 21-3118-SAC

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                      **Defendants.**

## ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

### Screening

Under 28 U.S.C. § 1915A, a district court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This provision "applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee." *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000). On review, the court must dismiss the action if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Likewise, under the Prison Litigation Reform Act, a prisoner must exhaust available administrative remedies before filing a federal lawsuit regarding prison conditions. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010)(citing 42 U.S.C. § 1997e(a)). The

failure to exhaust is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). However, a district court may sua sponte dismiss a prisoner's complaint on that ground when "it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

In the present case, plaintiff states that his administrative grievance is pending. (Doc. 1, p. 5). In Kansas, a prisoner in state custody has a four-tiered administrative remedy procedure to resolve complaints concerning conditions of confinement. The procedure consists of an informal request for resolution followed by formal grievances to the appropriate unit team member, the warden of the institution where the complaint arises, and the Office of the Secretary of Corrections. *See* K.A.R. 44-15-101.

Because plaintiff states that he has not exhausted available remedies, the court will direct him to show cause why this matter should not be dismissed without prejudice to allow him to complete the exhaustion process. The failure to file a timely response may result in the dismissal of this matter without additional notice. The dismissal without prejudice will allow plaintiff to refile this matter upon his completion of the grievance procedure.

Plaintiff also moves for the appointment of counsel. Because the court is considering the dismissal of this matter to allow plaintiff to complete the grievance procedure, the court concludes the appointment of counsel is not warranted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including May 28, 2021, to show cause why this matter should not be dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

DATED: This 11th day of May, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge