**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW R. THOMAS,**

                     **Plaintiff,**

      **v.**                                        **CASE NO. 21-3118-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                       **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis. The court has conducted an initial review of the complaint and enters the following findings and order.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Based on the financial records submitted with the motion, the court finds plaintiff's average monthly deposit is $12.10, and the average balance is $0.96. The court therefore assesses an initial partial filing fee of $2.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

## Nature of the Complaint

Plaintiff alleges that on April 17, 2021, he called for help during a fight and there was no response by staff. He asserts claims of domestic violence, assault, and corporation violation. Plaintiff names as defendants the Kansas Department of Corrections, the El Dorado Correctional Facility, Corrections Officer Greene, Corrections Officer Patterson, Unit Team Maure, and (fnu) Fulton, who is another prisoner. The complaint appears to seek damages from defendant Fulton.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090,

1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court has reviewed the complaint and has identified certain deficiencies. First, plaintiff's claim against defendant Fulton does not state a claim for relief under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 provides a remedy for violations of the Constitution by persons who act under color of state law, such as, for example, a corrections officer or a police officer. Defendant Fulton, a prisoner in state custody, did not act under color of state law by fighting with the plaintiff and is subject to dismissal from this action. Plaintiff must seek relief against this defendant in state court.

Likewise, neither the Kansas Department of Corrections nor the El Dorado Correctional Facility is a proper defendant in this action. The United States Supreme Court has interpreted § 1983 with reference to the Eleventh Amendment, which protects a state's immunity from suit in federal court. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989), the Court held that the provisions of § 1983 do not apply to States and state agencies, finding that they are not "persons" under § 1983. This holding has been applied to bar claims against the

State of Kansas and the Kansas Department of Corrections. *See, e.g., Franklin v. Kansas Department of Corrections*, 160 Fed. Appx. 730, 734 (10th Cir. 2005). And, as a governmental sub-unit, a prison or jail cannot sue or be sued because such an entity is not a "person" subject to suit for monetary damages under § 1983. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued"). Therefore, both the Kansas Department of Corrections and the El Dorado Correctional Facility are subject to dismissal.

The remaining defendants are individuals employed by the Kansas Department of Corrections. However, the complaint does not identify any personal participation by either defendant Patterson or defendant Maure. A plaintiff proceeding under § 1983 must allege the personal participation of each defendant, and bare allegations are insufficient to meet this showing. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). An individual cannot be held liable under § 1983 on the basis of supervisory status. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Plaintiff must identify the personal participation by defendants Patterson and Maure, and if he fails to do so, these defendants must be dismissed. Finally, it does not appear that plaintiff seeks relief against any of the state actors, as the complaint form states that the relief sought is "520.00 from Fulton

#112113 rest for pain and suffering" (Doc. 1, p. 5). Unless plaintiff seeks relief against a proper defendant under § 1983, he is not entitled to proceed in this action.

Accordingly, if plaintiff wishes to proceed in this action, he must submit an amended complaint that names proper defendants, explains how their personal participation resulted in a violation of his constitutional right, and identifies the relief he seeks against them.

Plaintiff also moves for a preliminary hearing and moves for the appointment of counsel. Plaintiff's request for a preliminary hearing is denied. This matter is a civil action, and no such hearing is necessary. If plaintiff submits an amended complaint, the court will screen that filing and will enter additional orders in this matter.

There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the

factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979. Because the court finds plaintiff must submit an amended complaint to cure the deficiencies in this matter, the court concludes the appointment of counsel is not warranted at this time and will deny the motion.

IT IS, THEREFORE, BY THE COURT ORDERED that if plaintiff wishes to proceed in this court, he shall submit an initial partial filing fee of $2.00 to the clerk of the court on or before **September 27, 2021**. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that on or before **September 27, 2021**, plaintiff shall submit an amended complaint that corrects the deficiencies identified in this order. If plaintiff fails to do so, the court will rule on the present complaint. The clerk of the court shall transmit a complaint form to the plaintiff.

IT IS FURTHER ORDERED plaintiff's motion for preliminary hearing (Doc. 6) and motion for the appointment of counsel (Doc. 7) are denied.

**IT IS SO ORDERED.**

DATED:  This 27th day of August, 2021, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge